In re BRASELTON.

(Court of Appeals of District of Columbia. Submitted May 10, 1921. Decided June 6, 1921.)

No. 1396.

Patents ⇐═27(2)—Process for coating shoes, such as was already used for coating other articles, not patentable.

A process of coating or impregnating shoes with metal, by heating the metal to a liquid and blowing it in the form of a spray by a blast of gas against the parts of the shoe, is not patentable, where the same process has previously been applied in coating metal, paper, fabric, glass, and other substances, as an old process applied to a new use is not patentable, when it performs substantially the same functions.

⇐══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from a Decision of the Commissioner of Patents.

Application by Chester H. Braselton for a patent. From a decision of the Commissioner of Patents, allowing certain of the claims and disallowing others, the applicant appeals. Affirmed.

E. B. Whitcomb, of Toledo, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

SMYTH, Chief Justice. Braselton applied for a patent on an improvement in shoes and a process for making shoes. There were 28 claims in his application. All were allowed, except 1, 2, 4 to 11, inclusive, 25, and 26; the last two being numbered in the record 16 and 17. Claims 1, 4, and 11 are typical. They are:

'1. The process of making shoes which consists in coating certain parts of the shoe with metal by heating the metal to a liquid and blowing the same in the form of a spray by a blast of gas against the said parts.

4. The process of making shoes which consists in coating the bottom of a shoe above the sole, before the sole is attached, with a film of metal, by heating the metal into a liquid and blowing the same by a blast of gas into the form of a spray and against the then exposed lower surface of the shoe.

11. The process of making shoes which consists in applying a continuous flexible film of metal over the sole and welt and impregnating said sole and welt with said metal.

The appealed claims were rejected on a patent to Schoop, dated February 9, 1915, and on one to Morf, on the same date.

Under the process covered by the claims a film of metal is applied to a portion of the article dealt with. Some of the claims say that the film is flexible, and impregnates the material of the article; that it is continuous, and is applied by a blast of gas in the form of a spray. From the references it is clear that the method of the claims is old. Appellant utilizes the processes of Schoop and Morf, the only difference being that he applies it to shoes, while Schoop used it to coat metal, paper, fabric, and the like, and Morf to coat glass and other substances. When the matter was before the Examiners in Chief it was said of the present claims that they—

"are drawn to a process of making shoes, but involve nothing more than coating the shoe by the old method after the shoe is complete. This is not a method of making shoes, and the method is not patentable as novel merely because the coating is applied to a different object, unless the result of the operation is different and unobvious. In this case the result of the process is the production of a coating and nothing more."

This we approve. There is no warrant for holding that an old process applied to a new use is patentable, when it performs substantially the same functions. The Supreme Court of the United States, in Brown et al. v. Piper, 91 U. S. 37, 23 L. Ed. 200, refused to hold that a process for preserving fish and other articles in a close chamber by freezing was patentable, in view of methods for freezing ice cream and for preserving a corpse. It was contended that the process had never been used before for preserving fish, but the court disposed of the contention by saying:

"The answer is that this was simply the application by the patentee of an old process to a new subject, without any exercise of the inventive faculty, and without the development of any idea which can be deemed new or original in the sense of the patent law."

Other decisions bearing directly on the point are Lovell Manufacturing Co. v. Cary, 147 U. S. 623, 13 Sup. Ct. 472, 37 L. Ed. 307, and Arlington Manufacturing Co. v. Celluloid Co., 97 Fed. 91, 38 C. C. A. 60. In concluding his opinion in this case the Assistant Commissioner said:

"To my mind nothing could be more evident to one knowing the prior art and having a conception of a metal-coated shoe than that an ordinary shoe could be coated by the prior art processes to produce appellant's patented article."

Indisputably this must be correct.

There is nothing in the cases cited by appellant which conflicts with the views here expressed. Thayer & Chandler v. Wold (C. C.) 142 Fed. 776, at first reading seems to give his contention some support. A closer examination, however, shows that it does not. It was there argued that an air brush, consisting of a combination device whereby liquid colors may be atomized by a blare of compressed air and blown upon a suitable surface, so as to form any desired representation, such as a picture, according to the will and skill of the manipulator, was anticipated by two patents showing concentric color and steam nozzles, a needle valve in the color tube, as well as a coincident delivery of oil and steam, for the purpose of atomizing the oil supply. Both of them pertained to furnaces in the industrial art. The court, in holding that there was no anticipation, said:

"It is indeed possible to reason from a Corlis engine to a watch spring, but the journey will lead the mind over an unchartered highway and across unbridged waters. So, here, the adaptation of the idea of the oil-distributing device to the pencil-sized air brush seems to me to involve several inventive steps."

The court then points out the steps. The distance between the methods of the references and the method of the applicant is not great, and no inventive steps would be necessary to make the journey. We think the Commissioner of Patents was right, and his decision is affirmed.

Affirmed.