## In re LAVINTHAL.
### Patent Appeal No. 2598.

Court of Customs and Patent Appeals.
March 31, 1931.

H. C. Bierman, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of New York City, of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

■ This is an appeal from the decision of the Board of Appeals affirming the decision of the Primary Examiner rejecting claims Nos. 1 to 5, inclusive, in appellant's application for a patent for an alleged invention relating to a method of making rubber heel blanks.

The claims are as follows:

"1. A method of making rubber heel blanks which comprises placing a sheet of unvulcanized rubber composition in a mold, and vulcanizing under heat and pressure to form a unitary sheet having a plurality of heel blanks thereon.

"2. A method of making rubber heel blanks which comprises placing a sheet of unvulcanized rubber composition in a two-part mold, and vulcanizing under heat and pressure to form a unitary sheet having a plurality of heel blanks thereon.

"3. A method of making rubber heel blanks which comprises placing a sheet of unvulcanized rubber composition in a two-part mold, one of the parts having closely spaced heel blank cavities, and vulcanizing under heat and pressure to form a unitary sheet having a plurality of heel blanks thereon.

"4. A method of making rubber heel blanks which comprises placing a sheet of unvulcanized rubber composition in a two-part mold, one of the parts having closely spaced heel blank cavities, and vulcanizing under heat and pressure to form a unitary sheet having a plurality of heel blanks thereon, said heel blanks projecting up from one side of said sheet.

"5. A method of making rubber heel blanks which comprises placing a sheet of unvulcanized rubber composition in a two-part mold, one of the parts having closely spaced heel blank cavities, and vulcanizing under heat and pressure to form a unitary sheet having a plurality of heel blanks thereon, said heel blanks projecting up from both sides of said sheet."

The references are: Schweinert et al., 1,177,902, April 4, 1916; Lewis, 1,255,099, January 29, 1918.

Appellant's application discloses a method of manufacturing a plurality of shoe heel blanks from a sheet of unvulcanized rubber composition in a two-part mold. The method is stated concisely in the involved claims.

The patent to Schweinert et al. discloses a method for the manufacture of sheets of rubber washers in a two-part mold, and applying them to valves. The patentees stated in their specification that it was better to partially vulcanize the sheets of washers in the molds and to finish the vulcanizing process when the washers had been attached to the valve mechanisms.

The patent to Lewis discloses a process for manufacturing sheets of rubber articles. The process is not limited to any particular article. We quote from the patent:

"An object of the invention is to provide an improved method of molding rubber goods, which involves applying a layer of uncured rubber to the peripheral face of a drum, which is provided with a plurality of shallow molds separated by relatively thin dividing walls, in applying pressure by windings of fabric, wire, or the like to the layer to force it into the molds, and in vulcanizing the rubber while thus held to the drum, the method being particularly characterized in that the layer of uncured rubber is heavily scored on its under face only as it is forced into said molds."

In affirming the decision of the Primary Examiner, the Board of Appeals said:

"This application discloses a method of manufacturing sheets of multiple shoe heels of rubber. A sheet of sufficient thickness to form shoe heels is laid over and pressed into a multiple cavity mold plate, each cavity being of proper shape to mold one shoe heel. The molded sheet is then vulcanized in the multiple cavity mold. The thickness of the sheet of rubber is such as to finally leave a thin web of rubber extending over all the cavities, which web serves to connect all the molded heels in a convenient way for handling and shipping as a group.

"Within the past few years the rubber heel industry has grown to be an important part of the rubber industry and it is shown by applicant in the record that sheets of connected rubber heels as prepared by his method are regarded as an advance in the art. As to this contention the question is presented, however, whether the actual invention is not fully represented by the article—a sheet of connected heels claimed elsewhere—rather than by a process of molding.

"After careful consideration we find the method considered as a series of steps and as broadly set forth to be identical with the same steps disclosed in Schweinert and in Lewis. Lewis presses a sheet of rubber onto and into a multiple cavity mold by pressure applied to the rubber sheet. He vulcanizes it there and provides enough rubber so that all the articles are connected by a thin web into a self-sustaining sheet of articles. The articles produced are bodies for the tire patches and they are afterward to be separated into individual articles for use. They are flat articles not greatly different in form from a shoe heel. It is immaterial that an adhesive layer is afterward placed on the back of the sheet by Lewis.

"Schweinert follows the same series of broad steps.

"The limitation in claim 5 that the heels project partly on both sides up from the sides of the connecting sheet is considered to be a matter of choice of design not involved in the method.

It may be, as argued by counsel for appellant, that the claimed method of manufacturing rubber heels has greatly reduced the cost of manufacture, and is therefore commercially successful. However, we are of opinion that the involved method was fully disclosed in the references, and that appellant has done nothing more than to apply an old method to the manufacture of rubber shoe heels.

Our attention has been called to the fact that appellant has been issued a patent for "heel-blank sheets" produced by the involved process. It is argued that, as appellant has produced a new and patentable article, he is entitled to a patent for the process by which that new article is manufactured. We are unable to agree with counsel for appellant in this respect.

All that was necessary for appellant to do, and, in our opinion, all that he did do, in order to produce rubber shoe heels by the process disclosed in the references, was to design two-part molds of the size and shape desired. The old process, functioning substantially as it did in the references, has been put to a new use and has produced a new product. In view of these facts, appellant is not entitled to a patent for the involved process. Brown et al. v. Piper, 91 U. S. 37, 23 L. Ed. 200; Lovell Mfg. Co. v. Cary, 147 U. S. 623, 13 S. Ct. 472, 37 L. Ed. 307; In re Braselton, 51 App. D. C. 31, 273 F. 759.

We concur in the views expressed by the Board of Appeals, and its decision is affirmed.

Affirmed.